IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| RONALD CURRY, | ) | CASE NO.1:19-CV-00594-JG |
| | ) | |
| Plaintiff, | ) | JUDGEJAMES GWIN |
| | ) | United States District Judge |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN DAVID W. GRAY, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Ronald Curry for a writ of habeas corpus under 28 U.S.C. §2254.[2] Curry is incarcerated by the State of Ohio at the Belmont Correctional Institution in St. Clairsville, Ohio[3] and was so incarcerated at the time this petition was filed. He is serving an aggregate sentence of nine years in prison imposed in 2017 by the Cuyahoga County

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin in a non-document order entered on May 20, 2019.

[2] ECF No. 1.

[3] *Id*. at 1. The place of incarceration was confirmed at the time this Report and Recommendation was submitted. http://drc.ohio.gov/offendersearch

Common Pleas Court after Curry was convicted at a jury trial of multiple charges arising from the rape and robbery of two women at the home of one of the victims.[4]

Curry raises nine grounds for habeas relief.[5] The State, in its return of the writ, argues that that Grounds Five and Eight should be denied on the merits after AEDPA review while the remaining claims should be dismissed as either non-cognizable or procedurally defaulted.[6] Curry has filed a traverse.[7] He has further filed a motion for a status report,[8] which I will now recommend denying as moot.

## Facts

### 1.    Underlying facts, trial, and sentence

The underlying facts, as found by the Ohio appeals court in its review of the record,[9] are simply stated.

On July 2, 1995, Curry and an accomplice, both wearing masks, robbed two male victims and two female victims at gunpoint in the backyard of one of the victims.[10] Following this, the men were left lying prostrate in the backyard and each assailant took a female victim to different locations – one to the bedroom inside the house and the other behind the garage – where the women

---

[4] ECF No. 12, Attachment at 205.
[5] ECF No. 1 at 8-45.
[6] ECF No. 12 at 19-54.
[7] ECF No. 18.
[8] ECF No. 21.
[9] Facts found by the state appeals court in its review of the record are presumed correct. 28 U.S.C. §2254(e)(1).
[10] ECF No. 12, Attachment at 357.

were raped.[11]Curry and his accomplice fled the scene.[12] Police were called and both women were taken to the hospital where evidence from the women was taken and preserved.[13]

In 2013, a vaginal swab taken in 1995 from one of the victims was tested for DNA and it was found that Curry could not be excluded as the assailant.[14]At trial, Curry stated that while he didn't specifically remember the identities of the women involved, or the details of specific encounters, he had sex with different women at his birthday party a few days before the attack, suggesting that one of the victims must have been in that group.[15]For their part, the victims here testified that they had never previously met Curry.[16]

In July 2015, Curry was indicted on four counts of aggravated robbery, three counts of rape, one count of attempted rape, four counts of kidnapping in connection with the commission of a felony and two additional counts of kidnapping to engage in sexual activity.[17]All counts carried a three-year firearm specification.[18]Curry pled not guilty.[19]

Curry, who, upon indictment, had been returned to Ohio from Alabama where he was imprisoned for another offense,[20] then filed a series of motions to dismiss and to suppress evidence, which were all denied.[21] Curry's defense counsel then withdrew, representing to the court that

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 1.

[18] *Id.*

[19] *Id.* at 11.

[20] *Id.* at 184.

[21] ECF No. 12 at 4-6 (citing record).

Curry accused him of working with the prosecution to obtain a conviction,[22] a request that was granted and the court appointed new counsel.[23]Following additional continuances ordered by the trial court as a result of scheduling issues,[24] the matter proceeded to a jury trial.

During trial, Curry twice moved unsuccessfully for acquittal[25]before the jury found him guilty on all charges.[26]On March 13, 2017, the trial court sentenced Curry to an aggregate term of nine years in prison.[27]

## 2.    Ohio Court of Appeals

On April 5, 2017, Curry, through new counsel, timely[28] appealed to the Ohio court of appeals.[29]In his brief, he asserted the following five assignments of error:

> 1.    The trial court failed to initiate criminal proceedings against the defendant within the statute of limitations and therefore the trial court ought to have granted defendant's motion to dismiss.
>
> 2.    The trial court erred in not granting the defendant's motion to dismiss the indictment for pre-indictment delay.
>
> 3.    The defendant's convictions were against the manifest weight of the evidence.
>
> 4.    The state failed to produce sufficient evidence as to each and every element of each and every count in the indictment necessary to sustain convictions against the defendant.
>
> 5.    The trial court erred in not merging kidnapping in 15 with attempted rape in count 7 as allied offenses of similar import.[30]

---

[22] ECF No. 12, Attachment at 178.

[23] *Id*. at 183.

[24] *Id*.at 192, 193.

[25] *Id*. at 203, 204.

[26] *Id*. at 205.

[27] *Id*.

[28] Ohio App. R. 4(A) states that an appeal must be filed within 30 days of the entry of judgment in the trial court.

[29] ECF No. 12, Attachment at 207.

[30] *Id*. at 217.

The State filed a responsive brief.[31]Curry then moved to add an additional assignment of error,[32] but then withdrew the motion.[33]

On February 22, 2018, the Ohio appeals court overruled all the assignments of error, affirming the judgment of the trial court.[34]Curry, *pro se*, then moved for reconsideration,[35] which motion was denied on March 16, 2018.[36]

## 3.    Supreme Court of Ohio

On April 18, 2018, Curry, *pro se*, timely[37]filed a notice of appeal with the Supreme Court of Ohio.[38]In his memorandum in support of jurisdiction, Curry raised the following four propositions of law:

> 1.    The twenty-year statute of limitations expired which resulted in a constitutional violation of Appellant's rights.

> 2.    The prosecutor's office abused Appellant's rights and denied him due process when it exercised [*sic*] preindictment delay. The Court of Appeals determined correctly that there was prejudice in Appellant's case, but incorrectly opined that it did not rise to the level to overturn the conviction.

> 3.    Appellant raised on appeal two other assignments of error regarding a manifest weight of the evidence and sufficiency of the State's evidence. These are re-characterized as factual sufficiency and legal sufficiency here. The standard for the assignment of errors applied by the Court of Appeals wasn't properly determined.

---

[31] *Id*. at 263.

[32] *Id*. at 298.

[33] *Id*. at 351.

[34] *Id*. at 357.

[35] *Id*. at 371.

[36] *Id*. at 379.

[37] Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) provides that notice of appeal must be filed in the Supreme Court of Ohio within 45 days of the appellate judgment for which review is sought.

[38] ECF No. 12, Attachment at 380.

4.      Appellant's fifth assignment of error was incorrectly overruled by the Court of Appeals where the trial court erred in not merging Kidnapping with Attempted Rape (Count Seven) as allied offenses of similar import.[39]

On July 5, 2018, the Supreme Court of Ohio declined to accept jurisdiction, dimissing the appeal.[40]

## 4.      Application to re-open the appeal

On April 18, 2018, or one day before Curry filed his notice of appeal with the Supreme Court of Ohio, Curry, *pro se*, filed an application under Ohio Appellate Rule 26(B) to re-open his appeal. The Ohio appeals court, *sua sponte*, then struck the application for violating local rules, in that it identified the victim of a sexual assault by name, and ordered Curry to file an amended application.[41]In the amended application, Curry raised the single claim that his appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness for failing to object to or file a motion to suppress the introduction of the victim's rape kit.[42]On August 10, 2018, the Ohio appeals court denied the application.[43]

On August 27, 2018, Curry, *pro se*, filed a notice of appeal with the Supreme Court of Ohio.[44]The record does not show that the State responded. On November 7, 2018, the Supreme Court of Ohio declined to accept jurisdiction and dismissed the appeal.[45]

## 5.      Post-conviction proceedings

---

[39] *Id*. at 382.

[40] *Id*. at 415.

[41] *Id.* at 416.

[42] *Id.* at 417.

[43] *Id*. at 471.

[44] *Id*. at 480.

[45] *Id*. at 493.

On May 1, 2018, while his direct appeal was still pending, Curry, *pro se*, moved the trial court for post-conviction relief.[46]In it, he raised the following claim:

> Was trial counsel ineffective for failing to investigate and bring forth the testimony of Natasha Jackson?[47]

Curry then filed for summary judgment based on the fact that the State had not responded to his petition.[48]Then, the State filed a brief in opposition,[49] to which Curry replied.[50]On September 14, 2018, the trial court then summarily denied the petition.[51]

Curry appealed that order.[52]The Ohio appeals court thereupon dismissed the appeal for lack of an appealable order, noting that it lacked jurisdiction because the trial court's summary denial failed to include required findings of fact and conclusions of law.[53]Following that, the State submitted proposed findings of fact and conclusions of law to the trial court,[54] which the trial court adopted.[55]

Curry then appealed that decision to the Ohio court of appeals.[56]In his brief, Curry asserted the following assignment of error:

> 1.    The trial court erred when it denied defendant-appellant's grounds for his post-conviction petition based on guarantees outlined in and in violation of Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the United States

---

[46] *Id.* at 502.
[47] *Id.*
[48] *Id*. at 503.
[49] *Id*.at 508.
[50] *Id*. at 542.
[51] *Id*. at 547.
[52] *Id*. at 548.
[53] *Id*. at 558.
[54] *Id*. at 559.
[55] *Id*. at 567.
[56] *Id*. at 573.

Constitution as he had ineffective assistance of counsel for failing to call a witness in his defense.[57]The State filed a brief in opposition.[58]

The State filed a brief in opposition,[59] to which Curry replied.[60]On December 26, 2019, the Ohio appeals court, in lengthy 14-page opinion that is not part of this record, affirmed the judgment of the trial court.[61] It concluded that, contrary to Curry's "self-serving affidavit," the trial judge did not abuse his discretion by discounting the statements from the purported alibi witness, because, as the appellate court found, she "was not a true alibi witness and [her testimony] would not have affected the outcome of the trial on this basis."[62]

On January 15, 2020, Curry then appealed to the Supreme Court of Ohio,[63]which declined to accept jurisdiction on March 31, 2020.[64]

### Federal Habeas Petition

On March 18, 2019, Curry, *pro se*, timely[65] submitted the present petition for federal habeas relief.[66]Curry raises nine grounds for relief:

1.      The trial court erred in denying petitioner's pretrial motion to dismiss counts 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15 and 16 as being barred by the statute of limitations in violation of the due process clause of the United States Constitution.

2.      Petitioner was denied effective assistance of counsel at trial in violation of the Sixth Amendment.

---

[57] *Id*. at 594.

[58] *Id*. at 615.

[59] *Id*. at 615.

[60] *Id*. at 638.

[61] *State v. Curry*, 2019-Ohio-5338.

[62] *Id.* at 13.

[63] http://supremecourt.ohio.gov/clerk/ecms/#/caseinfo/2020/0074.

[64] *Id.*

[65] 28 U.S.C §2254(d)(1). Curry's direct appeal ended when the Supreme Court of Ohio dismissed his appeal on November 7, 2018.

[66] ECF No 1.

3.      Petitioner was denied effective assistance of counsel on appeal in violation of the Sixth Amendment.

4.      Petitioner is actually innocent.

5.      Petitioner's conviction is against the legal and factual sufficiency of the evidence and is not consistent with the demands of the federal due process clause.

6.      The trial court violated petitioner's rights when it did not dismiss the pending indictments for failure to bring the defendant to trial within 90 days after his arrest in violation of the speedy trial act, Sixth Amendment and Fourteenth Amendment.

7.      The petitioner's conviction is beyond the statute of limitations as Ohio House Bill 49 enacted and signed in 1998 is in direct violation of the United States Constitution and the due process clause and is invalid.

8.      The petitioner's conviction is invalid based upon pre-indictment delay, which is in direct violation of due process rights and the Fifth Amendment. An unjustified delay between the commission of the offense and the defendant's indictment resulted in actual prejudice.

9.      The petitioner's sentence became invalid when the trial court – when imposing a sentence – did not merge the kidnapping offense with the rape offense in violation of the double jeopardy clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment.[67]

The State in its return of the writ argues that Grounds One and Four should be dismissed as non-cognizable; Grounds Two, Three, Six, Seven and Nine should be dismissed as procedurally defaulted; Grounds Five and Eight should be denied on the merits.[68]

Curry filed a traverse.[69]As note above, he has also filed a motion for a status report that I will deny as moot upon the filing of this Report and Recommendation.

**Analysis**

**1.      Preliminary Observations**

---

[67] *Id*. at 8-44.
[68] *Id*. at 20-55.
[69] ECF No. 18.

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Curry is in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition, and that he was so incarcerated at the time he filed this petition, thus vesting this Court with jurisdiction.[70]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[71]

3.    In addition, as Curry states in his petition,[72]and as my own review of the docket of this Court confirms, this petition is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[73]

4.    Further, as is set forth above, all the claims asserted here are exhausted by reason of having been presented to the Ohio courts through one full round of Ohio's established appellate review process.

5.    Finally, Curry has not sought the appointment of counsel nor an evidentiary hearing.

## 2.    Recommended Adjudication

### A.    Grounds One and Four should be dismissed as non-cognizable.

It is well-established that federal habeas law allows the writ only to those who are in custody "in violation of the Constitution or law or treaties of the United States."[74]Thus, federal habeas relief "does not lie for errors of state law,"[75] which law is itself determined exclusively by

---

[70] 28 U.S.C. §2254(a).

[71] 28 U.S.C. §2254(d)(1).

[72] ECF No. 1 at 46.

[73] 28 U.S.C. §2254(b).

[74] 28 U.S.C. §2253(a).

[75] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

state courts.[76]Simply put, a federal habeas court does not function as an additional state appellate court reviewing state court decisions on state law or procedure.[77]

Further, it is not enough to assert that a seeming state law issue is actually a federal constitutional issue. Such errors become cognizable as a federal habeas matter only if the error in state law resulted in a proceeding that was fundamentally unfair such as would violate the Due Process Clause of the United States Constitution.[78]

## 1.    Ground One

That said, in Ground One Curry argues that the trial court erred in denying a pretrial motion to dismiss various claims as being beyond the statute of limitations. He raised that claim to the Ohio appeals court and the Supreme Court of Ohio on direct review. Curry added language to his federal petition that this denial violated Due Process, which is beyond what he stated to the Ohio courts, when he framed it as purely a question of state law.[79] As such, the attempt now to add a federal constitutional layer to the original state law claim renders the claim procedurally defaulted on the grounds of lack of fair presentment because the Ohio courts were never presented with such a federal issue, and there are no available state remedies to do so now.[80] But a procedural default

---

[76] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[77] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citation omitted).

[78] *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

[79] The same factual and legal basis for a federal claim must be first presented to state courts – *i.e.*, the same claim on the same theory.  *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[80] *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) (citations omitted). Lack of fair presentment is an exhaustion issue if state remedies are still available. *Id*. It is a procedural default matter if there are no such available remedies. *Logan v. Miller*, 2011 WL 1743407, at **4-5 (N.D. Ohio March 29, 2011), report and recommendation adopted, 2011 WL 1743242 (N.D. Ohio May 6, 2011).

may be overlooked and unaddressed by the reviewing court if the underlying claim can be resolved against the petitioner.[81]

Thus, although Ground One, with its additional language concerning an alleged federal Due Process violation, is procedurally defaulted for lack of fair presentment to the Ohio courts, I recommend overlooking that default and disposing of the claim on the grounds that it is non-cognizable.

In particular, the question of whether the various counts of the indictment here were brought within the appropriate time limits of Ohio law is a state law issue that is non-cognizable in a federal habeas proceeding.[82] Further, because the Ohio appeals court concluded that no statute of limitation violation occurred, that interpretation of state law is binding on this Court.[83]

Thus, I recommend that Ground One be dismissed as non-cognizable.

## 2.    Ground 4

In Ground Four, Curry argues that he is actually innocent. Stated, as it is here, as a stand-alone claim of actual innocence, this ground fails to state a cognizable claim for relief. While the United States Supreme Court has suggested that a truly persuasive demonstration of actual innocence could render an execution for a capital crime unconstitutional,[84] the Supreme Court has never recognized a free-standing or substantive actual innocence claim for habeas relief.[85]

---

[81] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003) (procedural default may be overlooked when resolving it is unnecessary to disposing of the petition).

[82] *Young v. Harris*, 2019 WL 6221389, at *13 (N.D. Ohio Aug. 12, 2019) (citations omitted), report and recommendation adopted, 2019 WL 4199774 (N.D. Ohio Sept. 5, 2019).

[83] *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) (citations omitted).

[84] *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

[85] *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (citation omitted).

Accordingly, I recommend that Ground Four be dismissed as non-cognizable.

**B.      Grounds Two, Three, Six, and Seven should be dismissed as non-cognizable.**

**1.      Ground Two**

In Ground Two Curry contends that he was denied the effective assistance of trial counsel, for which he lists 12 specific examples.[86]

Initially, as the State points out, Curry did not raise these claims on direct appeal despite the fact that his appellate counsel was different from his trial counsel. Thus, the claims should have been raised on direct appeal, but were not. Moreover, any attempt to do so now would be barred by Ohio's *res judicata* rule.[87] That rule is recognized as an adequate and independent state law basis for foreclosing federal habeas review.[88]

Curry attempts to excuse this default in his petition by blaming his appellate counsel for not raising this on direct appeal.[89] But in the Rule 26(B) application to re-open the appeal, although Curry raised a claim of ineffective assistance of appellate counsel, he did not raise 11 of the 12 specific instances of ineffective assistance he raises here, citing then only counsel's purported failure to move to suppress the rape kit.[90] Thus, Curry cannot excuse for cause 11 of the 12 elements of Ground Two that are procedurally defaulted.[91]

---

[86] ECF No. 1 at 12-13.
[87] *Rust v. Dent*, 17 F.3d 155, 160-61 (6ᵗʰ Cir. 1994). As the State also notes, in addition to being barred from any new presentation, there is no mechanism by which these claims could now be submitted.
[88] *Durr v.Mitchell*, 487 F.3d 423, 432 (6ᵗʰ Cir. 2007).
[89] ECF No. 1 at 13.
[90] Example 6 of Ground Two. *Id*. at 12.
[91] *Edwards v. Carpenter*, 529 U.S. 446 (2000) (procedurally defaulted claims of ineffective assistance cannot serve as cause to excuse a procedural default).

Further, because the final element of ineffective assistance of appellate counsel that was presented in the Rule 26(B) application – failure to suppress the rape kit - was overruled, Curry cannot establish the prejudice component of excusing this last element of the defaulted claim.[92]The Ohio court noted that the DNA analyst laid a proper foundation at trial for admission of the rape kit such that "there are no grounds to believe that an attack on the admission of the rape kit would have been successful."[93]Because the Ohio court found this claim without merit, Curry cannot here assert that he would be prejudiced if this Court did not consider the claim now.

In addition, Curry cannot show by new, reliable exculpatory evidence not presented at trial that he is innocent.[94]To the extent he would cite the alleged alibi testimony of Natasha Jackson that was submitted to the trial court in the post-conviction motion, I note, as is more thoroughly detailed above, that the Ohio appeals court found Jackson was an unreliable witness whose testimony in any event would not have affected the outcome of the trial.

Accordingly, I recommend dismissing Ground Two as procedurally defaulted.

## 2.     Ground Three

In Ground Three, Curry maintains that he was denied the effective assistance of appellate counsel. As with the preceding claim, he lists nine instances of alleged ineffective assistance in his petition.[95]

---

[92] To escape procedural default, a petitioner must show both cause for the default as well as actual prejudice to him by not addressing the claim. *Murray v. Carrier*, 477 U.S. 378 478 (1986).
[93] ECF No. 12, Attachment at 476.
[94] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[95] ECF No. 1 at 16-17.

But the sole claim of ineffective assistance of appellate counsel that was presented in Curry's Rule 26(B) application to re-open was that appellate counsel was ineffective for failing to raise the issue that trial counsel was ineffective in not seeking to suppress the rape kit.[96]That claim was rejected as without merit. More to the point, this single claim of ineffective assistance of appellate counsel is different from the nine factual instances of alleged ineffective assistance that Curry sets forth in habeas petition.

As was discussed above, this means that the specific claim in Ground Three have never been presented to an Ohio court and cannot now be presented, and so are procedurally defaulted. Further, Curry cannot excuse the default for cause by blaming anyone else since he represented himself in the Rule 26(B) action.[97]Nor, as was fully set forth above, can Curry excuse it by a showing a miscarriage of justice. There is no new, reliable evidence not presented at trial of actual innocence.

Accordingly, I recommend that Ground Three be dismissed as procedurally defaulted.

### 3.      Ground Six

Ground Six contends that the trial court erred by not dismissing the indictments when the State did not bring Curry to trial within 90 days after his arrest, thus violating Ohio's speedy trial act and the Sixth and Fourteenth Amendments.

As the State observes, this claim was never properly presented to the Ohio courts. Specifically, in his direct appeal, Curry sought leave to amend his brief to add a claim that

---

[96] ECF No. 12, Attachment at 417.

[97] Indeed, there is no right to counsel in a Rule 26(B) proceeding. *Lopez v. Wilson*, 426 F.3d 339, 352-55 (6th Cir. 2005).

trial counsel had been ineffective for not filing a motion to dismiss the criminal case because of alleged speedy trial violations,[98] but this motion to amend was then withdrawn[99] and the appeals court found the original motion to amend was therefore moot.[100] Under Ohio's *res judicata* rule, the direct appeal would have been the first available opportunity to raise the speedy trial claim, which was apparent on the record, and Curry[101] failed to do so. As also noted above, Ohio's *res judicata* rule is a recognized independent state law ground on which to bar review by a federal habeas court.

Further, even if this ineffective assistance claim had been presented, such a claim cannot serve to bootstrap the underlying substantive speedy trial claim such as would preserve it for consideration in federal habeas court.[102] And as before, Curry cannot show cause or prejudice to excuse the default, nor excuse it by a credible showing of actual innocence.

I recommend that Ground Six be dismissed as procedurally defaulted.

**4.    Ground Seven**

Ground Seven states that Curry's conviction is "beyond the statute of limitations as Ohio House Bill 49 enacted and signed in 1998 is in direct violation of the United States Constitution and the due process clause and is invalid."

As was the case with Ground Six, this claim was apparent on the record and so should have been raised on direct appeal but was not.[103] Thus, it cannot now be presented to an Ohio court as

---

[98] ECF No. 12, Attachment at 298.

[99] *Id*. at 351.

[100] *Id*. at 355-56.

[101] I note again that Curry had different counsel on appeal than at trial.

[102] *Gardner v. Mitchell*, 502 F.3d 394 (6th Cir. 2007).

[103] See, ECF No. 12, Attachment at 238-42 (Curry's appellate brief listing assignments of error).

it is barred by Ohio's doctrine of *res judicata.*[104] Ohio's *res judicata* rule is an adequate and independent ground to bar federal habeas review.[105]Moreover, for the reasons stated above, Curry cannot excuse the procedural default.

I recommend that Ground Seven be dismissed as procedurally defaulted.

5.      **Ground Nine**

In Ground Nine Curry maintains that the trial court erred by not merging the sentences for kidnapping and rape, thereby violating Double Jeopardy.

The Ohio appeals court began its review of this claim by noting that at sentencing, it was Curry who expressly requested that the kidnapping offense be merged with the rape charge or the attempted rape charge, but not both.[106]The trial court did as Curry requested.[107]Thus, the appeals court concluded, "[a]ny error in this regard was, therefore, invited."[108]It then noted that under Ohio law, "[a] party will not be permitted to take advantage of an error which he himself invited or induced."[109]

In the situation of an invited error, a federal habeas court must find that Curry has waived the claim.[110]Thus, I recommend that Ground Nine be dismissed.

---

[104] *Rust*, 17 F.3d 155, 160-61.

[105] *Durr*, 487 F.3d 423, 432.

[106] ECF No. 12, Attachment at 368.

[107] *Id.*

[108] *Id.*

[109] *Id.* The Ohio court further found no error by the trial court, concluding that these two convictions and sentences should not be merged because the legislature intended separate punishment for the two offenses. Because this Court is bound by the Ohio appellate court's determination on the matter of Ohio law, this habeas ground could be denied on the merits.

[110] *Fields v. Bagley*, 275 F.3d 478 (6th Cir. 2001) ("When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error."); *Grant v. Brigano*, 2007 WL 2782742, at ** 7-8 (S.D.

**C.     Grounds Five and Eight should be denied on the merits after AEDPA review.**

**1.     Ground Five**

In Ground Five, Curry asserts that his conviction was against the "legal and factual sufficiency of the evidence." In his presentation of this claim on direct appeal, he argued that: (1) his identity was not proven; (2) as to three of the four aggravated robbery victims, there was no evidence of an actual theft; and (3) he could not be convicted of complicity in the second rape.[111]

The Ohio appeals court began consideration of these arguments by stating the well-known rule of sufficiency of the evidence first articulated by the Supreme Court in *Jackson v. Virginia,*[112] as that standard was incorporated into Ohio law.[113] Specifically, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[114]

The Ohio court then found that:

(1) Curry's identity was established through DNA results from the rape kit of a victim;

(2) aggravated robbery requires that an offender only attempt to commit a theft, actual theft is not required, and the victims testified to losing property during the crime; and

(3) as to complicity in the offense committed by an accomplice, Curry offered no legal authority, as required by Appellate Rule 16(A)(7), for his assertion that he could not be found so liable, thus waiving the argument.[115]

_____

Ohio Sept. 24, 2007) (Under doctrine of invited error, a petitioner cannot raise a claim in federal habeas proceedings arising from a situation to which he explicitly consented in state court).

[111] ECF No. 12, Attachment at 366.

[112] 442 U.S. 307 (1979).

[113] ECF No. 12, Attachment at 366.

[114] *Jackson*, 443 U.S. at 319.

[115] ECF No. 12, Attachment at 366-68.

As to the first two claims, the appeals court reviewed them on the merits, finding that sufficient evidence existed under the *Jackson* standard to support the convictions. I recommend finding that the decision of the Ohio court here was not an unreasonable application[116] of *Jackson* and so these two elements of Ground Five should be denied on the merits.

Regarding the final element of this claim that was presented to the Ohio appeals court, the court did not reach the merits of the claim because it found that Curry violated a state procedural rule. Accordingly, Curry waived that element of the claim and it is not reviewable here on the merits

Finally, as has been stated, Curry presented three elements of a claim of insufficient evidence to the Ohio appeals court on direct review. In this Ground in his federal habeas petition, he apparently seeks to add the assertion that there was insufficient evidence to support a conviction for rape, as well as challenge the use of "twenty-year-old memories" and "controverted DNA results."[117]As far as a challenge to the rape conviction, it is unclear if Curry means the conviction for rape that was supported by the DNA evidence, which he did not bring up the Ohio appeals court, or if he means the complicity argument that he waived for violating a state rule. Any new claim not presented to the Ohio court is now barred since a petitioner must raise the same claim on the same theory to this Court as was raised to the Ohio court.

The attempt to challenge the quality of the evidence from memories or from the rape kit is both precluded because it was not first argued to the Ohio court, but would also be precluded here as a non-cognizable argument as to the weight of the evidence.

---

[116] 28 U.S.C. §2254(d); *Williams v. Taylor*, 529 U.S. 362, 407-08.
[117] ECF No. at 22.

In sum, I recommend that Ground Five be denied on the merits.

2.     **Ground Eight**

In Ground Eight, Curry contends that his conviction is invalid because of pre-indictment delay.

The Ohio appeals court that addressed this claim noted that it is a due process violation to cause an unjustified delay between the commission of the offense and the indictment if such a delay results in actual prejudice.[118] If the defendant presents evidence of actual prejudice, the burden shifts back to the state to show a justifiable reason for the delay.[119]

In fact, the clearly established federal law on pre-indictment delay states that dismissal of a criminal case for pre-indictment delay is warranted only when the defendant shows both that the delay causes substantial prejudice to his right to a fair trial and that the delay was intentionally caused by the government in an effort to obtain a tactical advantage.[120] A showing that the defendant was only somewhat prejudiced due to the lapse of time is  insufficient.[121] Rather, a defendant's allegation of prejudice must be specific, concrete and supported by evidence.[122]

Here, Curry had attempted to support a finding of prejudice by unspecific allegations that memories had faded, that police officers present at the time were no longer available, and that the rape kit of the second victim was lost or missing.[123] The appeals court found that the missing second rape kit had no bearing on the evidence of Curry's guilt, which was based on the existing rape kit

---

[118] ECF No. 12, Attachment at 362.

[119] *Id.*

[120] *United States v. Marion*, 404 U.S. 307, 324 (1971); *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992).

[121] *United States v. Lovasco*, 431 U.S. 783, 796 (1977).

[122] *Marion*, 404 U.S. at 325-26.

[123] ECF No. 12, Attachment at 363.

that identified Curry.[124]Further, the Ohio court, citing the Supreme Court decision in *Marion*, found that speculative claims of faded memories or an incomplete investigation, standing alone, were insufficient to demonstrate prejudice.[125]

Based on the record and analysis cited above, I recommend finding that the decision of the Ohio appeals court was not an unreasonable application[126] of the clearly established federal law concerning prejudicial pre-indictment delay. Thus, I further recommend denying Ground Eight on the merits.

## Conclusion

For the foregoing reasons, I recommend that the petition of Ronald Curry for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

IT IS SO RECOMMENDED.

Dated: March 8, 2022                    s/William H. Baughman Jr.
                                        United States Magistrate Judge

---

[124] *Id.*
[125] *Id.*
[126] 28 U.S.C. §2254(d); *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000).

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.