UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| | : | |
| RONALD CURRY, | : | CASE NO. 1:19-cv-00594 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1] |
| v. | : | |
| | : | |
| WARDEN DAVID W. GRAY, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On March 25, 2022, having received no timely objections, this Court adopted Judge
William H. Baughman, Jr.'s Report and Recommendation denying Petitioner Ronald Curry's
request for federal habeas relief.[1]

Subsequently, the Court granted Petitioner's motion for an extension to file
objections.  Petitioner then filed *pro se* objections to some—but not all—of the Report and
Recommendation.[2]

After considering Petitioner's Curry objections, the Court **OVERRULES** the objections,
**ADOPTS** the Report and Recommendation on the non-objected-to claims, and **DENIES** the
habeas corpus petition.

## I.    Background

In 2017, an Ohio jury convicted Petitioner Curry of gunpoint robbery, kidnapping,
and rape offenses that occurred in the summer of 1995 in East Cleveland.[3]  Curry was linked

---

[1] Doc. 23.
[2] Doc. 25.  The Court takes Petioner's filings on the more lenient *pro se* standard.  *Haines v. Kerner,* 404 U.S.
519, 520–21 (1972).
[3] Doc. 12-2 at 359.

Case No. 1:19-cv-00594
GWIN, J.

to the crime based on the match of his DNA with a vaginal sample taken from one of the

rape victims.[4]

The trial court imposed an aggregate nine-year prison sentence.[5] The Ohio Eighth

District appellate court affirmed,[6] and later declined reconsideration.[7] The Ohio Supreme

Court declined jurisdiction.[8]

Curry sought post-conviction relief in the Ohio courts.[9] He argued that his trial

counsel was ineffective.[10] The trial court denied relief.[11] The appellate court affirmed.[12] The

Ohio Supreme Court declined jurisdiction.[13]

## II.     Petitioner's Objections to the Report and Recommendation

Curry raised nine claims in his habeas petition; Judge Baughman recommended this

Court deny all claims.

In his objections, Curry says that Judge Baughman erred in his disposition of Claims

One, Four, and Seven.[14]

As presented in Curry's petition, those claims are stated as follows:

> **Claim One:** The trial court erred in denying petitioner's pretrial motion
> to dismiss counts 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15 and 16 as
> being barred by the statute of limitations in violation of the due
> process clause of the United States Constitution.

> **Claim Four:** Petitioner is actually innocent.

---

[4] *Id.* at 360.
[5] *Id.*
[6] *Id.* at 369.
[7] *Id.* at 379.
[8] *Id.* at 415.
[9] *Id.* at 494.
[10] *Id.* at 497.
[11] *Id.* at 567.
[12] *State v. Curry*, 2019-Ohio-5338 (Ohio App. Ct. 2019).
[13] *State v. Curry*, 158 Ohio St. 3d 1451 (Ohio 2020).
[14] Doc. 25 at2.

Case No. 1:19-cv-00594
GWIN, J.

> **Claim Seven:** The petitioner's conviction is beyond the statute of limitations as Ohio's House Bill 49 enacted and signed in 1998 is in direct violation of the United States Constitution and the due process clause and is invalid.

## III.   Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[15] controls federal courts' review of a state prisoner habeas corpus petition.  Under AEDPA, federal courts consider only federal Constitutional or federal law claims.[16]  Federal habeas courts do not review state law decisions.

Further, AEDPA prohibits federal courts from granting a habeas petition for any state court constitutional ruling unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of facts in light of the evidence presented in the State court proceeding.[17]

Before reviewing a habeas petition claim on the merits, federal courts generally consider whether the claim was procedurally defaulted in the state courts.  If the state court enforced a state procedural rule and denied a claim for that reason, the claim is procedurally defaulted.[18]

Under Ohio law, convicted defendants must sequentially raise state trial court error at each appellate level.  Procedural default results when a habeas petitioner does not raise a claim at each state court level.  As a state procedure rule, Ohio hold that an unraised claim is defaulted and *res judicata* causes the claim's forfeiture.[19]  Under Ohio *res judicata* rules, if

---

[15] Pub. L. No. 104–132, 110 Stat. 1214 (1996).
[16] 28 U.S.C. § 2254(a).
[17] *See* 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).
[18] *Williams v. Anderson*, 460 F.3d 789, 805–06 (6th Cir. 2006).
[19] *Id.* at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).

Case No. 1:19-cv-00594
GWIN, J.

a petitioner "failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted."[20]

To overcome state procedural default, a habeas petitioner must show: (1) cause for the default and actual prejudice resulting from the alleged federal law violation, or (2) that there will be a fundamental miscarriage of justice if the court does not consider the claim.[21] "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm caused by the alleged constitutional violation.[22]  If a petitioner fails to show cause for their procedural default, a court need not consider prejudice.[23]  Finally, "a fundamental miscarriage of justice" is the conviction of one who is "actually innocent."[24]

## IV.    Discussion

### A.  Claims One and Seven are procedurally defaulted and would nonetheless fail on the merits.

In the objections, Curry says that his prosecution was so untimely as a matter of Ohio law as to constitute constitutional due process violation.  However, in his direct appeal, Curry only argued that his prosecution violated state law.[25]  Since Petitioner could have brought the federal claims—at bottom, a statutory construction question—on direct appeal but did not present them to the state courts, the claims are procedurally defaulted.[26]  Curry presents no arguments to excuse the default.

On the merits, the claims also would not succeed.  State law controls the timeliness of the prosecution.  And on federal habeas review, this Court is bound by the Ohio appellate

---

[20] *Id.*

[21] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)).

[22] *Castro v. Harris*, No. 1:18-CV-1167, 2018 WL 3829101, at *3 (N.D. Ohio Aug. 13, 2018).

[23] *See Smith v. Murray*, 477 U.S. 527, 532 (1986).

[24] *Lundgren*, 440 F.3d at 764 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[25] Doc. 12-2 at 361–62.

[26] *Cf. Mitchell*, 440 F.3d at 763.

Case No. 1:19-cv-00594
GWIN, J.

court's determination[27] that the prosecution was timely under the relevant Ohio criminal procedure rules and statutes.[28]   Simply described, federal habeas courts do not act as appellate courts on state trial court interpretations of state statute of limitations issues.

### B.  Claim Four is non-cognizable.

By stating actual innocence as a stand-alone claim, Curry fails to make out a cognizable claim for relief.[29]   Additionally, the Supreme Court has said that an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[30]   Curry does not offer any specific facts that the Court is able to discern in support of this claim.

### V.   Conclusion

For the following reasons, the Court **OVERRULES** Petitioner's objections on the objected-to claims, **ADOPTS** the reasoning of the Report and Recommendation in part and the conclusions in full, and **DENIES** Brown's habeas corpus petition.  The Court **DECLINES** to issue a certificate of appealability.[31]

IT IS SO ORDERED.

Dated: May 13, 2022                           s/     James S. Gwin
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[27] Doc. 12-2 at 361.
[28] *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").
[29] *See Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) ("In the wake of *Schlup,* we have repeatedly indicated that such claims are not cognizable on habeas.").
[30] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[31] 28 U.S.C. § 2253(c)(1)(A).